IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:22-cr-00026-001 |
| Plaintiff, | : | Judge Douglas R. Cole |
| v. | : | |
| ADRIAN BULMARO VALDOVINOS-SANCHEZ, | : | |
| Defendant. | : | |

## United States' Sentencing Memorandum

Pursuant to a Rule 11(c)(1)(C) plea agreement, Defendant Adrian Valdovinos-Sanchez pled guilty to Count One of the Indictment for conspiracy to commit a Title 21 offense—more specifically, conspiracy to possess with intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance—in violation of 21 U.S.C. § 846. In exchange, the Government agreed (among other things) to recommend a sentence of 48 months imprisonment, followed by a five-year term of supervised release. As discussed below, this is a fair and appropriate sentence in this case.

### FACTS[1]

From roughly January 1, 2022, through February 25, 2022, Defendant was part of a Mexico-based drug trafficking organization (DTO) operating in the United States. Defendant communicated with at least two other members of the DTO to arrange for the delivery of approximately six kilograms of cocaine to a distributor in Covington, Kentucky. Defendant then

---

[1] This section is drawn from the parties' agreed Statement of Facts ("SOF") in the Defendant's plea agreement (*see* Doc. 32 at p. 7) and the "Offense Conduct" portion of the Pre-Sentence Report ("PSR") (Doc. 36 at ¶¶ 20-28).

acted as the "courier," *i.e.*, he was responsible for transporting the cocaine. In other words, Defendant knowingly and voluntarily helped coordinate the transportation of approximately six kilograms of cocaine through the Southern District of Ohio.

On February 25, 2022, Defendant picked up a backpack filled with drugs from a hotel, which he was instructed to drive to the Cincinnati area. Defendant store the backpack of drugs in his car and drove through the Southern District of Ohio before ultimately being stopped by Drug Enforcement Agency (DEA) agents in Covington, Kentucky. Inside Defendant's car, DEA agents found approximately $52,000 in U.S. currency and 6,031.3 grams of cocaine—a street value of approximately $180,000. Since the $52,000 in U.S. currency was suspected drug proceeds, Defendant is accountable for 8,031.3 grams of cocaine in total.

A week or two later, a Grand Jury sitting in the Southern District of Ohio returned an Indictment charging Defendant with one count for conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. As noted in the PSR, Defendant's guideline imprisonment range is 46 to 57 months imprisonment. The parties, however, entered into a binding plea agreement pursuant to Rule 11(c)(1)(C). Defendant agreed to plead guilty to Count One. In exchange, the Government agreed to a sentencing recommendation of 48 months incarceration followed by a five year term of supervised release.

## LAW

The Sentencing Guidelines "should be the starting point and the initial benchmark for choosing a defendant's sentence." *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (cleaned up). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). Then, "the district court must weigh and apply the range of factors outlined in 18 U.S.C. § 3553(a)." *Id*.

at 49-50.  These include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a).  The Court should then impose a sentence sufficient but not greater than necessary to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *See* 18 U.S.C. § 3553(a).

## ANALYSIS

Here, the parties agreed to a recommended sentence of 48 months imprisonment, followed by a five year term of supervised release.  This sentence is a fair resolution of this case given the (1) nature of the offense, (2) goal of avoiding unwarranted sentencing disparities, (3) history and characteristics of the Defendant, (4) need for general and specific deterrence, and (5) the types of sentences available.

**I.   Nature of the Offense and the Goal of Avoiding Unwarranted Sentencing Disparities**

As discussed above, Defendant is accountable for conspiring to possess with intent to distribute 8,031.3 grams of cocaine.  That is a significant quantity of narcotics which, generally, would subject a defendant to a mandatory ten-year term of imprisonment.  Defendant, however, is safety valve eligible under U.S.S.G. § 5C1.2.  He has a minimal criminal history.  He did not use violence or possess a firearm during the commission of the instant offense.  His actions did not result in death or serious bodily injury to another.  He was not an organizer, leader, manager, or supervisor; instead, he acted merely as a courier.  He clearly accepted responsibility for his actions.  And he timely notified authorities of his intention to enter a plea of guilty.  Accordingly, Defendant's advisory guideline range, as accurately calculated in the PSR, establishes a guideline

3

imprisonment range of 46-57 months imprisonment. Indeed, the very purpose of the sentencing guidelines is to establish a way for Court's to impose similar sentences for similar defendants with similar backgrounds who have violated similar laws.

In short, Defendant's actions warrant a lengthy term of imprisonment. The parties' agreed sentence of 48 months imprisonment accomplishes that goal, while simultaneously falling within Defendant's advisory guideline range, commiserate with other similarly situated defendants.

## II. Defendant's History and Characteristics

Defendant's history and characteristics also weigh in favor of the parties' agreed sentence. Defendant's criminal history is admittedly confined to a possession of marijuana conviction in 2016. The United States believes that, based on his admission of guilt and lack of substantial criminal history, Defendant might have the potential of exiting incarceration with a far better opportunity to become a citizen who contributes to society.

There is, however, no way to guarantee that a defendant will not re-offend. A review of statistics from the Bureau of Prisons' June 2022 report indicates that the age of an offender plays a large part in recidivism. Defendant is currently 28 years old, and defendants who are between ages 21-29 have a recidivism rate of over 67%. Inmates who are incarcerated for drugs and guns are also among the highest rates of re-offending. The statistics also show that the longer the sentence, the less likely the individual is to re-offend.

In short, Defendant is a young man running down a very dangerous path. The parties' agreed sentence of 48 months imprisonment, followed by a five-year term of supervised release, will allow the Court and Probation Department to tightly watch the Defendant and assure than any subsequent misbehavior is found, addressed, and punished accordingly.

**III.     General and Specific Deterrence**

That said, as to specific deterrence, Defendant has never served a prior sentence in jail. So, the proposed 48-month term of imprisonment will hopefully discourage the Defendant from future criminal conduct. It will also afford protection to the community from further crimes of the Defendant, at least for the period of his incarceration. As to general deterrence, a sentence of 48 months imprisonment should still send a strong message to the community: Defendant's type of criminal conduct—acting as a courier to transport large quantities of cocaine—is not acceptable and will result in severe punishment.

**IV.     Types of Sentences Available**

The proposed sentence is also appropriate in light of the other sentences available. Importantly, the proposed sentence (and underlying Rule 11(c)(1)(C) plea) will allow the Government to accomplish two important goals: (1) the appellate waiver allows for finality in this prosecution, which permits the Government to turn its resources elsewhere; and (2) the forfeiture agreement will allow the Government to further its crime-fighting efforts. Without the plea agreement, it is uncertain whether these goals would have been met. The inclusion of these terms, then, weigh in favor of the proposed sentence.

## CONCLUSION

For the reasons above, and as previously agreed to by the parties, the Court should sentence Defendant as recommended herein: 48 months of incarceration followed by five years of supervised release.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney


s/*David P. Dornette*
David P. Dornette (OH 0098903)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Phone: (513) 684-2864
David.Dornette@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 27th day of February 2023 electronically upon all parties of record.

*/s/ David P. Dornette*
David P. Dornette
Assistant United States Attorney